WARWICK INSTITUTION FOR SAVINGS *vs.* THE CITY OF PROVIDENCE *et als.*

The city of Providence condemned as a public highway a strip of mortgaged land. The proceedings were under "An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," as printed in 4 R. I. 230, but no notice was given to the mortgagee. After the condemnation the mortgagee sold the balance of the mortgaged premises under the powers of the mortgage, without obtaining a sufficient sum to satisfy his claim. He then filed a bill in equity against the city of Providence and the mortgagors, praying for a foreclosure of his mortgage on the strip of land taken for a highway:

*Held,* that he was entitled to the relief prayed for.

*Pettis* v. *City of Providence,* 11 R. I. 372, affirmed.

BILL IN EQUITY for foreclosure.

*July* 13, 1878. DURFEE, C. J. On July 22, 1871, George D. Flagg, and Mercy A., his wife, being owners in the right of the wife of an estate on the east side of Battey Street, so called, mortgaged it to the complainant to secure the payment of $15,000 in one year, with interest at seven per cent., payable semi-annually, in advance. The mortgage was duly acknowledged and recorded. Subsequently the city of Providence proceeded, under the act entitled "An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," of January, 1854, see 4 R. I. 230, to widen Battey Street by adding to it a strip ten feet wide on each side, thereby taking 2,010$\frac{20}{100}$ square feet of the land mortgaged as aforesaid. The complainant had no notice of the proceeding, no personal notice having been issued to it, and did not learn of the proceeding until after the report of the commissioners, which contained no mention of the complainant, had been confirmed. After the street had been so widened, the mortgagors having long been in default, the complainant sold, under a power contained in the mortgage, all the mortgaged estate except what was taken to widen the street. The proceeds of the sale were not sufficient to satisfy the mortgage by $1,597.32, as the complainant alleges. The complainant brings this bill to foreclose the mortgage for that amount upon the strip taken to widen the street, claiming that, inasmuch as it was not notified of or made a party to the proceeding, the proceeding was, to the extent of its interest, irregular and void.

We think the complainant is entitled to a decree of foreclosure.

The act under which the street was widened requires the commissioners of estimate and assessment, before making their estimate and assessment, to give notice thereof to all persons interested in the land required, by publication in two newspapers. Such a notice was published, omitting, however, the name of the complainant.    The act also directs the commissioners in making report to set forth the names of persons interested in lands taken or assessed, designating their respective lots, with the loss and damage, benefit and advantage to each.    The complainant was not named, it had no damages awarded to it, and, not being named, it did not receive notices from the city clerk and the Supreme Court, as required by the act.    The proceeding was too defective in these particulars to bind the complainant.    The record does not show any legal condemnation of its interest.    The case is essentially the same as *Pettis* v. *City of Providence*, 11 R. I. 372.

It is urged that the complainant has been guilty of gross laches and delay in prosecuting his claim and ought to be estopped. We do not find any sufficient ground of estoppel.    We grant relief according to the prayer of the bill.        *Decree accordingly.*

*Tillinghast & Ely*, for complainant.

*Nicholas Van Slyck*, City Solicitor, for respondents.

———————

PETITION OF DAVID MATHEWSON & HORACE C. ARNOLD,
for an Opinion of the Court.

A will after directing the payment of debts and expenses and ordering certain outlays, contained bequests both specific and pecuniary, and closed with a residuary clause which gave " all the rest, residue, and remainder of the estate and property, not hereinbefore disposed of " . . . . "of whatsoever name and nature, and wherever the same may be," to H. C. A., who was a son of the testatrix, and was named as executor :

The personalty of the estate sufficed for the debts, expenses, and specific legacies, but was insufficient to pay the pecuniary legacies in addition :

*Held*, that the pecuniary legacies were a lien on the realty of the estate.

*Held*, further, that this lien should be enforced in equity.

*Held*, further, that the court would not, from the implied lien, imply a power in the executor to sell the realty when this implied power was not necessary to carry out the will.

*July* 13, 1878.    DURFEE, C. J.    This case is submitted under the statute, Pub. Laws R. I. cap. 563, § 16, April 20, 1876, on an agreed statement subscribed by David Mathewson, adminis-

trator on the estate of Elmira M. Streeter, with her will annexed, and by Horace C. Arnold, residuary devisee under the will.

The will first directs the payment of debts and expenses and an outlay of money on a burial ground. It then makes certain bequests, specific and pecuniary, to the amount of several thousand dollars. Then follows the residuary clause giving " all the rest, residue, and remainder of the estate and property, not hereinbefore disposed of " . . . . " of whatsoever name and nature, and wherever the same may be," to Horace C. Arnold, a son of the testatrix, who is named as executor.

The will was made September 27, 1877. The testatrix died October 6, 1877. She left property real and personal. The personal property is sufficient to pay debts and expenses and to satisfy the specific legacies, but not the pecuniary legacies in addition thereto without resort to the real estate, which consists of several tracts of land.

The first question is whether the pecuniary legacies are a lien or charge on the real estate so that it may be resorted to for their satisfaction. We answer the question affirmatively. The residuary clause blends the real and personal estate in one fund, and gives only what remains after the debts, expenses, and legacies are paid. *Gould* v. *Winthrop*, 5 R. I. 319, and cases there cited; *Lapham* v. *Clapp*, 10 R. I. 543; *Lewis* v. *Darling*, 16 How. U. S. 1; *Francis* v. *Clemow*, Kay, 435; *Peacock* v. *Peacock*, 13 W. R. 516. This is a construction which has not always been accepted. *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Gridley* v. *Andrews*, 8 Conn. 1; but it is well supported on authority, especially when, as in the case at bar, the residuary clause is not preceded by any devise of real estate, or when, as in the case at bar, the residue of the entire estate " not hereinbefore disposed of " is given, and the executor is himself residuary devisee. *Van Winkle* v. *Van Houten*, 2 N. J. Eq. 172; *Dey* v. *Dey's Administrator*, 19 N. J. Eq. 137; *Rafferty* v. *Clark*, 1 Bradf. 473; *Hassel* v. *Hassel*, 2 Dick. 527.

*B. N. & S. S. Lapham*, for petitioners.